**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 APR 20 PM 12:07

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONALD WAYNE TOENNIGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-083 |
| | ) | |
| JOSE MORALES, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 42). Defendants Ajibade, Henderson, Jones, and Morales have filed a response (doc. no. 45) addressing Plaintiff's objections to the recommendation that all claims and Defendants be dismissed aside from Plaintiff's First Amendment claim against Defendant Morales, which the Magistrate Judge allowed to proceed in a separate Order. The majority of Plaintiff's objections are a reiteration of the arguments raised in his complaint; however, one point merits further discussion.

The Magistrate Judge found, *inter alia*, that Plaintiff had failed to state a claim for deliberate indifference to serious medical needs based on his allegations that Defendants Henderson and Ajibade provided inadequate treatment for his shoulder, back, and neck problems when they prescribed him physical therapy rather than surgery. (Doc. no. 40, p. 7.) As the Magistrate Judge correctly determined, these allegations evinced a mere difference

in opinion between Plaintiff and prison medical staff regarding diagnosis or treatment, which is insufficient to support a claim of deliberate indifference to serious medical needs. (Id. (citing Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); Adams v. Poag, 61 F.3d 1537, 1546 (11th Cir. 1995); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).) After the deficiency in Plaintiff's voluminous statement of claims was pointed out, Plaintiff attempts to clarify for the first time in his objections that Defendants Henderson and Ajibade only prescribed physical therapy for his right shoulder, and they refused to treat "his other serious medical needs, i.e., back, neck, left shoulder, or hip. . . ." (Doc. no. 42, p. 4.) He further asserts that Defendants Ajibade and Henderson disregarded another doctor's recommendation that Plaintiff undergo surgery for a compression in his spinal cord, and he reiterates his original assertion that they negligently refused to order an MRI.[1] (Id.)

Notably, even after the deficiency in his pleadings was pointed out to him, Plaintiff offers little elaboration in his attempt to clarify his allegations regarding his neck, back, left shoulder, and hip. Furthermore, as Defendants correctly argue (doc. no. 45, pp. 4-5), Plaintiff's assertion that Defendants Henderson and Ajibade disregarded another doctor's recommendation for surgery amounts to a mere difference in medical opinion that is insufficient to support a claim for deliberate indifference. See Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (holding that a doctor's decision not to adopt plan of care

---

[1] As the Magistrate Judge correctly stated, Plaintiff's allegations that Defendants Henderson and Ajibade negligently failed to order an MRI must fail because "[a]llegations of mere negligence or malpractice do not amount to deliberate indifference." (Doc. no. 40, p. 7 (citing Harris, 941 F.2d at 1505).)

prescribed by outside physician failed to support a claim for deliberate indifference); Waldrop, 871 F.2d at 1033 (explaining that "a simple difference in medical opinion" does not constitute deliberate indifference).

Thus, to the extent Plaintiff argues that Defendants Henderson and Ajibade refused to treat his neck, back, left shoulder, or hip because they declined to adopt another doctor's recommendation for surgery and negligently failed to order an MRI, this argument must fail. Moreover, Plaintiff's otherwise bare argument that Defendants Henderson and Ajibade demonstrated deliberate indifference to his serious medical needs could have easily been raised in his complaint or when he filed his "Amended Complaint by Supplement." (See doc. nos. 1, 8.) Plaintiff chose not to make this argument to the Magistrate Judge, instead waiting until he filed his objections. In light of these circumstances, the Court finds it inappropriate to consider the new argument. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). This objection is therefore **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the following of Plaintiff's claims are **DISMISSED**: his claims of deliberate indifference to a serious medical need against Defendants Henderson and Ajibade; his claim that he was denied visitation in violation of the prison Standard Operating Procedure against Defendants Jones and Morales; his official capacity claim for monetary damages against Defendant Morales; and his claims for injunctive relief. In addition, Defendants Ayers, Brown, Henderson, Ajibade, and Jones are **DISMISSED**.

Plaintiff's claims against Defendants Ayers and Brown are **DISMISSED** without prejudice. Furthermore, Defendant Brown's motion to dismiss and motion to stay are **DENIED** as **MOOT** (doc. nos. 18, 19) and Plaintiff's motion for supplemental jurisdiction (doc. no. 9), "Motion to Reinstate Plaintiffs" (doc. no. 10), "Rule Thirty Five Motion" (doc. no. 11), and motion for time to effect service (doc. no. 36) are **DENIED** as **MOOT**.

SO ORDERED this 20th day of April, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE